UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDRE NESBIT,<br><br>   Plaintiff,<br><br>   v.<br><br>SPEEDWAY LLC, et al.,<br><br>   Defendants. | Case No. CV 23-00912-DMG-JDE<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the operative Third Amended Complaint (Dkt. 23, "TAC") filed by Andre Nesbit ("Plaintiff"); the Report and Recommendation issued by the assigned magistrate judge (Dkt. 25, "Report"); and Plaintiff's Objection to the Report (Dkt. 26).

The Court has engaged in a de novo review of those portions of the Report to which objections have been made. The Court accepts the findings and recommendation of the magistrate judge.

For clarity, the Court notes that Plaintiff originally sought to bring this action based on both federal question and diversity jurisdiction. (*See* Dkt. 1-1 at

1.) The Magistrate Judge then advised Plaintiff of the requirements for pleading diversity of citizenship (*see, e.g.*, Dkt. 15 at 4-5, 7-8; Dkt. 22 at 12), and Plaintiff did not correct the deficiency in his allegations regarding Defendants' citizenship. Instead, Plaintiff now appears to be asserting only federal question jurisdiction, despite acknowledging that he is not bringing this action based on a federal claim pursuant to 42 U.S.C. § 1983. (Dkt. 23 at 1; Dkt. 26 at 1.)

As explained in the Report and Recommendation, Plaintiff has not stated a federal claim based on his request for injunctive relief or any potential claim pursuant to 42 U.S.C. § 1983. (*See* Dkt. 25 at 6-9.) In addition, the Court notes that Plaintiff is mistaken to the extent he argues that *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), provides for a federal cause of action for slander. (Dkt. 26 at 1.) Rather, the United States Supreme Court in *New York Times Co.* found that Alabama's state libel law was constitutionally deficient. 376 U.S. at 264, 267-84. Nor do Plaintiff's citations to California state court authority support any federal cause of action. (*See* Dkt. 23 at 3-6; Dkt. 26 at 1, 4-6 (citing *Unterberger v. Red Bull N. Am., Inc.*, 162 Cal. App. 4th 414 (2008); *Chang v. Lederman*, 172 Cal. App. 4th 67 (2009); *Fowler v. Varian Assocs., Inc.*, 196 Cal. App. 3d 34 (1987).)

As the Report and Recommendation explains, because Plaintiff has not established that the Court has original jurisdiction over this action based on a federal question, and because Plaintiff has not met his burden of establishing diversity jurisdiction despite the opportunity for amendment, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. (*See* Dkt. 25 at 10.)

///
///
///

Therefore, IT IS HEREBY ORDERED that Judgment shall be entered dismissing this action without prejudice.

In addition, based upon the record before it, the Court finds and certifies that any appeal by Plaintiff would have no arguable basis in law or fact, rendering it frivolous and not taken in good faith under 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A). For the foregoing reasons, Plaintiff's existing *in forma pauperis* status is **REVOKED**.

Pursuant to Fed. R. App. P. 24(a)(4), the Clerk is directed to immediately notify Plaintiff and the Court of Appeals for the Ninth Circuit of this Order.

Plaintiff is advised that he may still seek leave to proceed *in forma pauperis* on appeal by filing such a motion in the Court of Appeals for the Ninth Circuit within thirty (30) days of service of this Order. *See* Fed. R. App. P. 24(a)(5).

DATED: March 23, 2023

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE